[File No. Cr. 172.]

AUGUSTA GASCHK, Petitioner, v. J. A. KOHLER, Sheriff in and for Burleigh County, North Dakota, Respondent.

(294 N. W. 441.)

Opinion filed October 31, 1940.

*Thelma J. Hovet,* for petitioner.
*Sullivan, Fleck & Sullivan,* for respondent.

PER CURIAM. This proceeding has its origin in a decree of divorce granted the petitioner from one Gustav Gaschk on March 4, 1935, which decree required the petitioner herein to pay to Gustav Gaschk alimony in the sum of ten dollars per month, "payable on or before the fifteenth of each and every month until the further order of the court."

Briefly, the record shows that in February, 1940, an order of the district court was served upon the petitioner requiring her to show cause, at a time and place stated in the order, why she should not be adjudged guilty of contempt of court in failing to pay alimony as required by this decree of divorce.

On this order to show cause, testimony was offered, and thereupon, on February 23, 1940, the district court entered an order reciting that Augusta Gaschk, this petitioner, was indebted to Gustav Gaschk in the sum of $30 for the payments due December, 1939, and January and February, 1940, and that she was "guilty of contempt" and had "wilfully disobeyed the order made by this court in this action on the

4th day of March, 1935" in that she had failed and neglected to make the monthly payments required. Thereupon the court

"Ordered that Augusta Gaschk pay to Gustav Gaschk the sum of fifteen dollars ($15) on or before ten days from the date of this order, and that she pay the further sum of fifteen dollars ($15) to the said Gustav Gaschk on or before twenty days from the date of this order, and that the said Augusta Gaschk pay to the said Gustav Gaschk the sum of ten dollars ($10) each and every month as required by the Judgment and Decree in the above entitled action.

"It is further ordered and adjudged that the said Augusta Gaschk is guilty of contempt in having wilfully disobeyed the order made by this court in the above entitled action on the 4th day of March, 1935.

"It is further adjudged and decreed that the said Augusta Gaschk pay to the said Gustav Gaschk the sums hereinbefore referred to within the times specified, and by depositing the same with the clerk of the district court of Burleigh county, North Dakota, and that if the said Augusta Gaschk fails to comply with this order, that she be committed to the county jail of Burleigh county, North Dakota, until compliance has been made with this order.

"Dated this 23d day of February, 1940."

Some time later the sheriff of Burleigh county took this petitioner into custody, and thereupon application was made to this court for a writ of habeas corpus, upon showing why application could not be made to the district court.

This court issued an order directed to the respondent requiring him to show why he was holding this petitioner in custody. On the return the respondent showed he was holding the petitioner in custody under and by virtue of a commitment issued by the clerk of the district court on May 15, 1940, which commitment specifies that on February 23, 1940, the petitioner had been adjudged guilty of contempt for failure to make the payments specified in the decree of divorce, and had been ordered at said time to make the further payments required.

After reciting these facts, the commitment specifies: "Now, therefore, we command you, that you take the body of the said Augusta Gaschk and safely keep her in custody in the county jail of the county of Burleigh and State of North Dakota until the said plaintiff shall

pay the sum or sums due under the order of this court as of February 23d, 1940, and upon the payment of the sum or sums that are due, the said Augusta Gaschk shall be discharged according to law."

In the order adjudging the petitioner guilty of contempt in failing to make the payments required by the decree of divorce of date March 4, 1935, no punishment is meted out for such contempt. The district court did not deem it advisable to do so. The court made a new order requiring the petitioner to make payments at times stated in this order, and specifically provided that upon failure to make these payments, she should be committed, etc. The order specifying imprisonment is for failure to make the payments required by the order of February 23, 1940.

The petitioner, in her brief, urges that the district court had no jurisdiction to adjudge her guilty of contempt in failing to obey the order in the decree of March 4, 1935, because, she asserts, execution could have been awarded for the collection of the amount due, basing this upon subdivision 3 of § 8180, N. D. Compiled Laws 1913, which section provides for cases in which a court of record has power to punish by fine and imprisonment any misconduct "by which a right or remedy of a party to a civil action or proceeding pending in the court may be defeated, impaired, impeded or prejudiced. . . ." Subdivision 3 provides for the punishment of such "A party to an action . . . for the nonpayment of a sum of money ordered by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum; or for any other disobedience to any lawful order, judgment or process of the court."

This matter is not before us. We are not reviewing the nature and the extent of the decree of divorce; neither are we reviewing the proceedings which led up to the order of the district court of date February 23, 1940, nor the terms or scope of such order.

Neither, on this proceeding, are we concerned with the question of whether, under the findings of fact and the decree as entered in the divorce proceeding, contempt proceedings could be predicated upon failure to comply with the order. Such matter is not involved here. The matter before us is founded upon the order issued February 23, 1940.

Section 8189 of the Compiled Laws provides: "If it is determined

that the accused (Augusta Gaschk) has committed the offense charged and if it is a contempt defined in § 8180, that it was calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of a party to an action or proceeding pending in the court . . . the court or judge must make a final order accordingly, directing that the accused be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of commitment must issue accordingly."

Had the court seen fit to assess punishment for failure to obey the order of March 4, 1935, then the provisions of § 8189 would have been complied with; but under the order of February 23, 1940, the court did not make a final order. The court made an alternative order. Under this alternative order, the petitioner was required to make payments at stated times under penalty that if she did not do so, she would be imprisoned; but there is no subsequent finding by the court that the petitioner disobeyed the order of February 23, 1940, or was guilty of contempt in not making payments required by that order, if such be the fact.

The record shows, so far as it makes any showing in this respect, that the clerk issued this commitment on his own volition, presumably on the theory that no money had been deposited with him. It is not for the clerk to determine whether the order has been complied with. That order did not provide for the commitment of the petitioner forthwith for any contempt in failing to obey the order of March 4, 1935; but only in case she failed to comply with the new provisions set forth in the order of February 23, 1940. There is no showing that the court found thereafter that she had failed to comply. She cannot be imprisoned until the court gives her an opportunity to show she has complied, or that she has a valid excuse for disobedience, and then makes a finding to the contrary. The imprisonment of the petitioner is unlawful and she is discharged from custody.

NUESSLE, Ch. J., and BURR, MORRIS, BURKE, and CHRISTIANSON, JJ., concur.